UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JAMES F. OSTERBUR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 11-2023 |
| **ILLINOIS ENVIRONMENTAL** | ) |
| **PROTECTION AGENCY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# REPORT AND RECOMMENDATION

In December 2010, Plaintiff James F. Osterbur, acting pro se, filed a complaint in the Champaign County Sixth Judicial Circuit Court. In January 2011, the United States Defendants filed a Notice of Removal (#1). Plaintiff brought suit against six government agencies with a "demand for enforcement of the rules and laws." In his complaint, Plaintiff primarily complained of the government's failure to regulate a grain elevator in Royal, Illinois, which created noise and traffic.

United States Defendants filed a Motion to Dismiss the Federal Defendants as Party Defendants (#10).[1] Plaintiff filed a response (#15). In addition, Illinois Defendants filed Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#7).[2] Plaintiff filed a response (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the United States Defendants' Motion to Dismiss the Federal Defendants as Party Defendants **(#10)** be **GRANTED**. The Court further

---

[1] The United States Defendants include the U.S. Environmental Protection Agency and the U.S. Occupational Safety and Health Administration.

[2] Illinois Defendants include the Illinois Department of Human Rights, the Illinois Department of Agriculture, the Illinois Environmental Protection Agency, and the Illinois Department of Transportation.

recommends that the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction **(#7)** filed by Illinois Defendants be deemed **MOOT**, and that the case be remanded to state court for further proceedings.

### I. Background

In a complaint filed in state court, Plaintiff filed a "legal demand for enforcement of rules and laws," seeking unspecified remedy with respect to a grain elevator operated in Royal, Illinois, near Plaintiff's residence. Plaintiff alleges that the elevator emits excessive noise, and the trucks driving to and from the elevator create a traffic hazard. Defendants have taken Plaintiffs' complaint as a request for injunctive relief to shut down the grain elevator.

Plaintiff's claim is summarized in the following excerpt from his complaint:

NOT A CLAIM FOR MONEY from me. Rather it is a demand upon government officials to do your job, which is to protect all our lives from injury, protect us from infraction of the law that harms without cause/ or subsequently takes away our freedom and our right to decide for our own lives: thereby damaging our property or ability to remain in our homes. This is an unreasonable seizure of our environment/ trespassing and causing in effect "*an enemy soldier, to be quartered in my house/ without my consent*"; for sustained periods of time. MORE SIMPLY: keep this corporation from dramatically affecting our lives, by demanding they stay on their side of the line. Don't trespass over here/ not, past "the legal limit or this standard". Is that not, "what the law means"?

(#1-2, p. 9).[3]

Plaintiff has filed many claims in this court within the past year, with unspecified demands for redress of grievances, demands for compliance with the Constitution, and demands that government employees do their jobs.[4] In a recent order from this Court, entered after

---

[3]The above passage is taken from Plaintiff's original complaint filed in state court. Plaintiff subsequently filed an Amended Complaint (#1-3). However, because the amended complaint provides no factual detail supporting any claim against Defendants, the Court considers Plaintiff's original complaint, in the interests of liberally construing this pro se Plaintiff's complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006)

[4]See, e.g. *Osterbur v. United States,* Case No. 10-2257; *Osterbur v. State of Illinois,* Case No. 10-2055; *Osterbur v. Federal Bureau of Investigations*, Case No. 10-2277; and *Osterbur v. Quinn*, Case No. 11-2111, among others.

Plaintiff filed this instant lawsuit, the Court *sua sponte* enjoined Plaintiff from filing any further lawsuits, motions or pleadings in the United States District Court, Central District of Illinois, Urbana Division (other than habeas corpus petitions and criminal cases in which he is a party defendant), unless those lawsuits, pleadings, and motions are filed through counsel. *Osterbur v. Quinn*, No. 11-2111 (C.D. Ill. July 20, 2011) (#20, p. 4).

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to

circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). Furthermore, district courts are required to liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.  United States Defendants' Motion to Dismiss (#10)

The United States Defendants have filed a Motion to Dismiss the Federal Defendants as Party Defendants (#10) because Plaintiff has not established an applicable waiver of sovereign immunity, and Plaintiff fails to state a claim under Federal Rule of Civil Procedure 8(a).

United States Defendants argue that, in order to maintain a viable claim against an agency of the federal government, a party must identify a federal law that waives sovereign immunity to the cause of action. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (stating "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") Plaintiff has the burden to demonstrate that Congress has waived the United States' sovereign immunity. *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981). Here, Plaintiff has pointed to no statutory waiver of sovereign immunity to support his claims against the United States Defendants.

However, plaintiffs seeking to compel agencies to take certain actions often invoke the Administrative Procedure Act to establish a waiver of sovereign immunity. Sovereign immunity is a jurisdictional bar where a suit threatens to impose upon the United States liability for money or property damages or some form of coercive injunctive relief. *United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991). Here, Plaintiff has requested injunctive relief. Prospective relief requiring governmental officials to obey the law has long been available under the *Ex parte Young* doctrine, and then later through § 702 of the Administrative Procedure Act. *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1085-86 (citing *Ex parte Young*, 209 U.S. 123 (1908) and Administrative Procedure Act, 5 U.S.C. § 702). The waiver of sovereign immunity in § 702 applies "when any federal statute authorizes review of agency action, as well as in cases involving constitutional challenges and other claims arising

under federal law." *Michigan v. U.S. Army Corps of Eng's*, No. 10-3891, 2011 WL 3836457 at *8 (7th Cir. Aug. 24, 2011). The Seventh Circuit has recently rejected the argument that this waiver of sovereign immunity only applies where there has been final agency action. *Id*.

It seems, therefore, that if Plaintiff has adequately pled a constitutional violation or other violation of federal law perpetrated by the United States Defendants, then the waiver of sovereign immunity could apply. Even though Plaintiff failed to identify § 702 as the waiver of Defendants' sovereign immunity, this Court must liberally construe complaints filed by pro se litigants. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Therefore, the Court proceeds to consider whether Plaintiff has adequately alleged a constitutional violation or other claim arising under federal law.

United States Defendants argue that Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a), for failing to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). Here, as Defendants note, the complaint fails to provide notice regarding what provisions of law they allegedly violated, and in what manner they violated the law. Plaintiff fails to cite any statutory or regulatory law supporting his claims. Though Plaintiff provides some detail regarding the noise and traffic generated by the grain elevator, he does not connect this to any act or omission by the United States Defendants that may be a basis for their liability. A complaint does not need to identify legal theories, and specifying an incorrect legal theory is not normally a fatal error. *Rabe v. United Air Lines, Inc.*, 366 F.3d 866, 872 (7th Cir. 2011). However, this Court concludes that the sparse factual allegations regarding Defendants' acts or omissions, combined with the lack of a discernable legal theory, amount to failure to provide sufficient notice of the basis for the claim. Furthermore, the Court notes that a district court is entitled to draw upon its familiarity with a plaintiff's prior meritless litigation to conclude that a complaint consists only of naked assertions and delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Here, Plaintiff's complaint is merely a naked assertion that the federal government should take action

in some unspecified way, similar to Plaintiff's numerous other cases filed in this Court that have been deemed frivolous. In short, Plaintiff's complaint fails to give fair notice of the claim or the grounds upon which it rests.

Furthermore, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). The few factual details that Plaintiff provides indicate that, even if Plaintiff were granted leave to amend his complaint, he is not plausibly entitled to relief. Plaintiff's basic allegation is that the federal government has failed to intervene to limit noise and pollution originating from a privately operated grain elevator near his home. This does not amount to a constitutional violation. As such, even if Plaintiff were granted leave to amend his complaint, he could not state a claim for which he is plausibly entitled to relief, nor overcome the obstacle of the Defendants' sovereign immunity discussed above. This Court therefore recommends that the Motion to Dismiss the Federal Defendants as Party Defendants (#10) be granted.

### IV.  Illinois Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (#7)

Illinois Defendants move to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. A district court may not assert personal jurisdiction over a defendant unless the defendant has been properly served with process. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Illinois Defendants indicate there have been numerous errors and omissions in process and service of process.[5]

Illinois Defendants argue that Plaintiff has failed to comply with Federal Rule of Civil Procedure 4 in the following respects: (1) Plaintiff has not delivered a copy of a federal summons or of the complaint to any of the state Defendants' chief executive officers (FED. R. CIV. P. 4(j)(2)(A)); (2) Plaintiff has not filed an affidavit attesting to proof of service

---

[5]Illinois Defendants attach a copy of the court docket for the case from the Champaign County Circuit Clerk, along with numerous other exhibits cataloging what Defendants have received from Plaintiff. (#8-1). Perhaps the most succinct explanations of what materials Illinois Defendants have received are contained in the Affidavits included at (#8-1, pp. 74-80).

(FED. R. CIV. P. 4(l)(1); FED. R. CIV. P. 4(c)(1)); and (3) Plaintiff has not served a copy of a summons and complaint on each state Defendant in the manner prescribed by Illinois law (FED. R. CIV. P. 4(j)(2)(B)).

Illinois Defendants additionally argue that Plaintiff has failed to comply with the following applicable state laws governing service of process: (1) Plaintiff has not served the correct individuals (735 ILCS 5/2-211); (2) Plaintiff failed to employ an authorized process server or accomplish personal service of process where it was required (735 ILCS 5/2-202); (3) Plaintiff never sent a summons to the Illinois EPA, and the Illinois Department of Human Rights never received a copy of the amended complaint; and (4) Plaintiff failed to file any proof of service of process (Ill. S.Ct. R. 12(a); 102(d)).

The Court's analysis of these arguments begins with 28 U.S.C. § 1448, governing service of process in removal cases:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

Section 1448 allows for completion of state service of process if the process was commenced prior to the date of removal. *Schmude v. Sheahan*, 214 F.R.D. 487, 490 (N.D. Ill. 2003). After removal, a plaintiff has two options for providing proper service of process: (1) service pursuant to Federal Rule of Civil Procedure 4, or (2) service pursuant to state court rules if the plaintiff commenced such service prior to the removal. *Id*.

Plaintiff has not taken any steps to accomplish service of process since this case was removed to federal court. This is evident from this Court's docket, as well as exhibits submitted

by Illinois Defendants.[6] Therefore, the primary inquiry here is whether Plaintiff has satisfied the Illinois procedural rules for process and service of process. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1123 (7th Cir. 2001) (recognizing that federal courts have the power to review the sufficiency of state service of process in removal cases).

However, at this juncture, the Court recommends that the case be remanded to state court, and that the Illinois Defendants' motion concerning this Court's personal jurisdiction be deemed moot. Whenever a claim over which this court may exercise jurisdiction is joined with an otherwise non-removable claim, the district court may, in its discretion, remand all matters in which the state law predominates. 28 U.S.C. § 1441(c). Here, as indicated above, this Court has already determined that the Plaintiff has failed to adequately allege any constitutional violation or other violation of federal law. The Court recommends dismissing the United States Defendants, whose presence was the original basis for federal jurisdiction. The Court is now left in the uncomfortable position of being asked to analyze Illinois procedural rules in a case between the State of Illinois and a citizen of Illinois. Even if this Court were to determine that it had personal jurisdiction, any claims going forward would concern Illinois law. The Court therefore recommends that the Illinois Defendants' motion to dismiss be deemed moot, and that the case be remanded to state court for further proceedings.

## V. Summary

For the reasons discussed above, this Court recommends that the United States Defendants' Motion to Dismiss the Federal Defendants as Party Defendants **(#10)** be **GRANTED**. The Court further recommends that the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction **(#7)** filed by Illinois Defendants be deemed **MOOT**, and that the case be remanded to state court for further proceedings.

---

[6]Plaintiff's response to Illinois Defendants' motion to dismiss does not dispute any of Defendants' factual assertions, other than to note that Plaintiff mailed a "supplemental brief" to Defendants on February 18, 2011.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 14th day of September, 2011.

    s/ DAVID G. BERNTHAL    
U.S. MAGISTRATE JUDGE
